IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jeffrey Eugene Jeter,  )<br><br>Petitioner,  )<br><br>vs.  )<br><br>Leroy Cartledge,  )<br><br>Respondent.  ) | Civil Action No. 6:14-3658-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the district court.

## BACKGROUND

The petitioner is currently incarcerated in the McCormick Correctional Institution of the South Carolina Department of Corrections ("SCDC"). The petitioner was indicted by the Spartanburg County Grand Jury in March 2009 for five counts of forgery less than $5,000; receiving stolen goods less than $1,000; receiving stolen goods between $1,000 and $5,000; and obtaining money by false pretenses. The petitioner was also indicted in October 2010 on two counts of petit larceny, third or subsequent. The petitioner was represented by James A. Cheek on the charges. On October 28, 2010, the petitioner pled guilty before the Honorable Roger L. Couch, Circuit Court Judge. There was a recommendation of sentence from the State of concurrent sentences on all charges including a probation revocation, with the petitioner being exposed to maximum of ten years

on all charges, with one sentence being suspended and probation to follow the petitioner's prison sentence and restitution to be paid by the petitioner during the subsequent period of probation. Three other charges were dismissed as part of the plea. After hearing the plea and considering the petitioner's substantial criminal record, the court rejected the recommendation and sentenced the petitioner to ten years imprisonment on the receiving stolen goods, obtaining money by false pretenses, petit larceny, and one of the forgery charges, to run concurrently. The petitioner also received ten year sentences on the three remaining forgery charges to run consecutively to the other sentences received and his probation revocation, for an aggregate sentence of forty years (app. 31-35). The petitioner filed a *pro se* motion for resentencing. Following a hearing On December 17, 2010, Judge Couch denied the motion (app. 39-47).

### Underlying Case Facts

On April 3, 2008, the petitioner forged check number 292745 belonging to R.L. Jordan Oil Company in the amount of $275.85 in Spartanburg County. He was not authorized to do so (app. 22, 160). On April 4, 2008, he forged check number 292747 belonging to R.L. Jordan Oil Company in the amount of $350 (app. 23, 158). He was not authorized to sign this check. The petitioner also received checks belonging to R.L. Jordan Oil Company that he knew were stolen. There were surveillance photos of the petitioner attempting to pass these checks at a store. He also attempted to cash several of the checks at Carolina First Bank (app. 23).

On or about June 25, 2008, the petitioner forged check number 1585 in the amount of $800 belonging to Ruth Jefferies, treasurer of the Spartanburg Community Memorial Committee account. The petitioner also forged check 1533 in the amount of $800 on the same account. On check 1533, he used the name of Timothy Dawkins, a victim of identity theft. Law enforcement had photos of the petitioner at a store passing the checks.

2

Many of the checks had his thumbprint on them as the businesses where he cashed the checks required a thumbprint (app. 23-24, 164-65).

On or about September 7, 2008, the petitioner passed check number 2250 for $275.31 at a Food Lion in Spartanburg County.  He was not authorized to make this check (app. 22, 166).

The petitioner also received stolen chrome spinners (rims) that were owned by Cheryl Lynder.  He pawned these items and obtained cash from Easy Money Pawn Shop in Spartanburg County (app. 23).

On or about July 27, 2010, the petitioner took $130 belonging to Joan Ford. He went to a restricted area of her work and took the money.  On August 6, 2011, the petitioner took checks belonging to New Deal Market with values under $2,000 (app. 25).

**Direct Appeal**

The petitioner filed a timely notice of appeal.  On December 2, 2010, the South Carolina Court of Appeals dismissed the appeal for failure to demonstrate any issues preserved for appellate review (doc. 25-2).  The Remittitur was issued on December 21, 2010 (doc. 25-3).

**PCR**

On May 2, 2011, the petitioner filed an application for post-conviction relief ("PCR").  In his application he alleged the following:

> 1. Ineffective assistance of counsel, in that:
>
> > a. A conflict of interest existed because counsel (James Cheek) is associated with the Spartanburg Community Memorial Committee, which was a victim in the case and Clay Allen insured Applicant that James Cheek would not have anything to do with his case,
>
> > b. Applicant never received a copy of his discovery materials,

3

c. Counsel failed to object to the excessive sentence give by the Court when it exceeded the maximum authorized by law,

d. Counsel failed to file a Motion to withdraw guilty plea when the court failed to follow the State's recommendation,

e. Applicant signed a legally binding contract with the solicitor's office regarding a plea offer, which was not enforced.

(App. 62, 148-49).

The State made its return to the application on May 2, 2012. An evidentiary hearing was held November 9, 2012, before the Honorable J. Mark Hayes, II, South Carolina Circuit Judge. The petitioner was present at the hearing and was represented by Jonathan C. Bonds. The respondent was represented by Suzanne H. White, Assistant Attorney General. At the hearing the petitioner testified in his own behalf. Plea counsel, James A. Cheek, also testified along with Detention Officer Ryan Sauers. The PCR court also had before it the petitioner's records from the SCDC, the guilty plea transcript, the PCR application, and the State's return. On January 16, 2013, the PCR court issued its order denying and dismissing the PCR application with prejudice (app. 147-56). The PCR court concluded that, with regard to the petitioner's allegations of ineffective assistance of counsel, that counsel's testimony was credible while the petitioner's was not. The PCR court found that counsel had "adequately conferred with the applicant, conducted a proper investigation, was thoroughly competent in his representation, and that counsel's conduct does not fall below the objective standard of reasonableness" (app. 154-55). The PCR court also found that the petitioner failed to prove he was prejudiced by counsel's performance in accordance with the second prong of *Strickland v. Washington*, 466 U.S. 668 (1984). The order was filed with the Spartanburg County Clerk of Court on January 18, 2013.

4

### PCR Appeal

On or about June 28, 2013, the petitioner's appellate counsel, Robert M. Pachak of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina pursuant to *Johnson v. State*, 364 S.E.2d 201 (1988) ("*Johnson* petition"). The following issue was presented:

> Whether plea counsel was ineffective in representing petitioner because he was operating under a conflict of interest because he was associated with the Spartanburg Community Memorial Committee, who was one of the victims of petitioner's forgery charges?

(Doc. 25-4 at 3). Appellate counsel certified to the court the appeal was without merit and asked to be relieved as counsel. The petitioner filed several *pro se* responses to the *Johnson* petition. In his first *pro se* response received by the South Carolina Supreme Court on September 25, 2013, the petitioner raised the following issues:

> (1) Whether plea counsel was ineffective because he was operating under a conflict of interest, who was a victim, and multiple representations of co-defendants?
>
> (2) Whether plea counsel was ineffective for failing to object and move the trial court to enforce the terms and stipulations used to induce Petitioner into entering the plea?

(Doc. 25-5 at 4). The petitioner filed another *pro se* response entitled "Pro Se Amended Response," which was received by the South Carolina Supreme Court on January 31, 2014. In that response he raised the following issues:

> (1) Petitioner's due process rights were violated where Petitioner signed the plea contract, entered the plea per the recommendation, & the State failed to enforce the plea contract.
>
> (2) The PCR Court's findings are not supported by evidence where the plea contract was signed & stipulated thus the State breached the plea contract.

(Doc. 25-5 at 82).

5

The petitioner filed multiple motions to amend his *pro se* brief. In one motion to amend received by the South Carolina Supreme Court on October 9, 2013, the petitioner alleged he was not aware of his sentence enhancement (doc. 25-5 at 71-72). In another motion to amend received on January 16, 2014, he alleged his plea was taken in violation of Rule 11 (doc. 25-5 at 96). Finally, in an amendment dated February 24, 2014, the petitioner alleged the State failed to prove his prior record for sentence enhancement (doc. 25-5 at 79). On August 21, 2014, the South Carolina Supreme Court denied certiorari (doc. 25-6). The Remittitur was issued on September 8, 2010 (doc. 25-7).

### Federal Petition

On September 17, 2014, the petitioner filed his federal habeas petition (doc. 1). On February 2, 2015, the respondent filed a motion for summary judgment (doc. 26). By order filed February 3, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to respond to the motion (doc. 27). On March 5, 2015, the petitioner filed a response in opposition (doc. 31). The petitioner filed additional attachments to his response on May 8, 2015 (doc. 33).

In his federal habeas petition in this case, the petitioner makes the following claims:

> **Ground One:** Plea counsel was ineffective in his representation of Petitioner because he was operating under a conflict of interest in that he was associated with the Spartanburg Community Memorial Committee, who was one of the victims of Petitioner's forgery charges.
>
> **Ground Two:** Whether plea counsel was ineffective because he was operating under a conflict of interest, who was a victim, and multiple representations of co-defendants?
>
> **Ground Three:** Whether plea counsel was ineffective for failing to object and move the trial court to enforce the terms and stipulations used to induce Petitioner into entering the plea?
>
> **Ground Four:** [Improper] Enhancement Argument

6

**Ground Five:** Continuous Chain of One Event/ Sentencing/ Ineffective Assistance of Counsel

(Doc. 1-1 at 1-28).

## APPLICABLE LAW AND ANALYSIS

***Summary Judgment Standard***

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

7

entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

### Exhaustion

Before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203, SCACR; S.C. Code Ann. §§ 17–27–10,–90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C.1976). If the PCR court fails to address a claim as is required by South Carolina Code § 17–27–80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP to preserve the issue for appellate review. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007).[1]

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). In *McKennedy*, the South Carolina Supreme Court specifically held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan [v. Boerckel*, 526 U.S. 838 (1999)]." 559 S.E.2d at 854. Accordingly, a claim would not be procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals, either after a direct appeal or after pursuing relief in a PCR petition.

---

[1]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007, decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

A habeas petitioner must first present his claim to the court in a manner in which it may be reviewed on the merits. *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). It is well settled in South Carolina that "[i]ssues not raised and ruled upon in the trial court will not be considered on appeal." *State v. Dunbar*, 587 S.E.2d 691, 693-94 (S.C. 2003). Moreover, it is not enough that the argument presented stems from the same factual scenario; rather, the legal argument must be the same as the argument presented below. *See, e.g., State v. Haselden*, 577 S.E.2d 445, 448 (S.C. 2003) (finding differing ground for objection did not preserve issue presented for review: defendant's objection on relevancy did not preserve argument the evidence was improper character evidence); *State v. Caldwell*, 662 S.E.2d 474, 482 (S.C. Ct. App. 2008) ("Because the argument raised on appeal does not appear to have been specifically raised below, it may not be preserved on appeal.").

The petitioner timely pursued and exhausted his direct appeal remedies, and he has no direct appeal remedies still available to him in state court. He has also pursued and exhausted his PCR remedies. *See* S.C. Code Ann. § 17-27-90 ("All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application."); *Wade v. State*, 559 S.E.2d 843, 847 (S.C. 2002) ("An individual under PCR effectively is granted one chance to argue for relief and must do so within a year of his final appeal."); and *Gibson v. State*, 495 S.E.2d 426, 428 (S.C. 1998) ("Exhaustion [of state PCR remedies] includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review."). As argued by the respondent, the petitioner did not properly exhaust his state remedies

and, as a result, several grounds in his federal petition are procedurally barred as will be discussed below.

***Procedural Bar***

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief on an issue after he failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

If a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he or she is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court has explained:

> [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984). If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d 907, 915 (4th Cir. 1997) (citations omitted).

### Ground Two

The respondent argues that a portion of Ground Two is procedurally barred. In Ground Two, the petitioner alleges, among other things, that his trial counsel was ineffective because he was operating under a conflict of interest because of multiple representations of co-defendants[2] (doc. 1-1 at 7). The petitioner did not raise this issue in his PCR application (app. 58-60); however, the petitioner did testify at the PCR hearing regarding a possible conflict of interest because Mr. Cheek also represented two of his co-defendants, Sharon Thomas and Wanda Poole (app. 101-103; *see also* app. 123-40 (Mr. Cheek's testimony)). However, this issue was not addressed in the order of dismissal. The petitioner did not file a Rule 59 motion, and as a result, this ground was procedurally defaulted at the PCR level. *See Marlar*, 653 S.E.2d at 267 (failure to file Rule 59 motion to have unaddressed issue addressed in the order of dismissal results in issue not being preserved for review on PCR appeal). Accordingly, the claim is barred from federal habeas review absent a showing of cause and prejudice or actual innocence, as will be discussed below.

### Ground Three

In Ground Three, the petitioner raises a claim that trial counsel was ineffective in failing to object and move the trial court to enforce the terms and stipulations used to induce the petitioner into entering the plea (doc. 1-1 at 13). The respondent argues that at PCR and in the PCR court's order of dismissal this issue was raised and addressed as one of prosecutorial misconduct (resp. m.s.j. at 18-19). The respondent contends that the petitioner did not raise an ineffective assistance of counsel claim in this regard and did not file a Rule 59 motion to have this issue of ineffective assistance of counsel addressed by

---

[2]The petitioner argued in PCR that his trial counsel was ineffective because he was operating under a conflict of interest because he had previously represented one of the victims of forgery, the Spartanburg Community Memorial Committee. The PCR court addressed the issue in the dismissal order (app. 150-51), and the petitioner raised it in the PCR appeal (doc. 25-4 at 3). The issue is raised in the federal petition as Ground One and as part of Ground Two, and, therefore, that claim will be addressed on the merits below.

the PCR court, and, therefore, the claim is barred on federal habeas review. The undersigned disagrees. In the PCR court's order of dismissal, the judge stated that one of the issues raised by the petitioner was "[i]nnefective assistance of counsel in that: . . . Applicant signed a legally binding contract with the solicitor's office regarding a plea offer, which was not enforced" (app. 148-49). The PCR court went on to find - in the context of the petitioner's prosecutorial misconduct claim - that the petitioner had failed to offer any evidence of a plea agreement with the State. Rather, the State merely offered a recommendation for sentencing to the court (app. 153). In the context of the petitioner's ineffective assistance of counsel claims, the PCR court found that counsel was not ineffective in failing to move to withdraw the plea when the sentencing court failed to follow the State's recommendation (app. 152-53). The PCR court found that, although the sentence received was substantially different from the recommendation, it was within the parameters established by the General Assembly and was based upon the petitioner's prior record, plea counsel advocated for the judge to accept the recommendation, and the petitioner was well aware that the sentencing judge could reject the State's recommendation. Accordingly, the PCR court found that plea counsel's performance was not deficient (app. 152-53). The issue was raised in the PCR appeal in the petitioner's first *pro se* response to the *Johnson* petition: "Whether plea counsel was ineffective for failing to object and move the trial court to enforce the terms and stipulations used to induce Petitioner into entering the plea" (doc. 25-5 at 4). Accordingly, the undersigned finds that Ground Three is not procedurally barred, and the issue will be discussed on the merits below.

### Ground Four

In Ground Four, the petitioner alleges that his sentence was improperly enhanced and that he was not aware of the possibility of such enhancement (doc. 1-1 at 20). As argument, he attaches his *pro se* motion to amend that he filed in his PCR appeal on October 9, 2013 (doc. 25-5 at 71-72). To the extent the petitioner is raising this as an

ineffective assistance of counsel claim, the claim is not procedurally barred as the PCR court considered the following issue, "Applicant then testified that Counsel never talked with him about his charges being enhanced based upon them being a third or subsequent property offense" (app. 152). The PCR court stated as follows in the order of dismissal, "This Court finds the Applicant's testimony as to these issues to lack any credibility. . . . [B]ased upon his prior record, the Applicant was aware of being charged with enhanced offenses" (app. 152). The petitioner then raised the issue in the PCR appeal in his motion to amend his *pro se* brief (doc. 25-5 at 71-72). Accordingly, the ineffective assistance of counsel portion of this ground will be reviewed on the merits below.

To the extent the petitioner alleges that the trial court erred in enhancing his sentence, the petitioner did not raise this as a standalone claim, and the court did not rule upon such a claim in his PCR action (*see* app. 147-56). Moreover, this is a state law direct appeal issue that is not cognizable under federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of federal habeas court to re-examine state court determinations on state law questions"); 28 U.S.C. Section 2254(a) (habeas corpus relief is available for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); *Drayton v. Evatt*, 430 S.E.2d 517, 520 (S.C. 1993) ("Issues that could have been raised at trial or on direct appeal cannot be asserted in an application for [PCR] absent a claim of ineffective assistance of counsel."). Furthermore, the petitioner did not preserve the issue at the time of the plea, and he waived or abandoned any claim of trial court error or any direct appeal issue with regard to this ground by pleading guilty. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (failure to preserve issue under state law results in procedural bar on federal habeas review); *State v. Passaro*, 567 S.E.2d 862, 866 (S.C. 2002) (A free and voluntary guilty plea generally acts as a waiver of all non-jurisdictional defects and defenses.). Accordingly, any

13

such claim is procedurally barred absent a showing of cause and prejudice or actual innocence, which will be discussed below.

### Ground Five

In Ground Five, the petitioner alleges his sentence was improper because his crimes were a continuous chain of one event, and he alleges counsel was ineffective for failing to raise this issue at sentencing. The respondent argues that both parts of this ground are procedurally barred. The undersigned agrees. The direct appeal claim, that the trial court erred in not sentencing him on all counts as one event, is procedurally barred for the same reasons as Ground Four: the ground was not preserved at the guilty plea, was waived and abandoned at the guilty plea, was not raised on direct appeal, and is not a cognizable federal habeas claim.

Furthermore, the ineffective assistance of counsel claim alleged in Ground Five is also procedurally barred as it was not addressed in the PCR court's order of dismissal, and the petitioner did not file a Rule 59 motion. Accordingly, this ground was procedurally defaulted at the PCR level. *See Marlar*, 653 S.E.2d at 267 (failure to file Rule 59 motion to have unaddressed issue addressed in the order of dismissal results in issue not being preserved for review on PCR appeal). The claim is barred from federal habeas review absent a showing of cause and prejudice or actual innocence, as will be discussed below.

### Cause and Prejudice

"[A] federal court ordinarily may not consider claims that a petitioner failed to raise at the time and in the manner required under state law unless 'the prisoner demonstrates cause for the default and prejudice from the asserted error.'" *Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012) (quoting *House v. Bell*, 547 U.S. 518, 536 (2006)). To show cause, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," *Murray v.*

14

*Carrier*, 477 U.S. 478, 488 (1986), or that "the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding." *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999). "Alternatively, Petitioner may prove that failure to consider the claims will result in a fundamental miscarriage of justice." *McCarver v. Lee*, 221 F.3d 583, 588 (4th Cir. 2000) (citing *Coleman*, 501 U.S. at 750). A fundamental miscarriage of justice equates to the conviction of someone who is actually innocent. However, "actual innocence" requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The petitioner has not shown sufficient cause and prejudice to excuse the default of these claims. The petitioner had a guilty plea, a direct appeal, a PCR hearing, and an appeal from the denial of PCR in which to raise these issues, and, he failed to raise them and/or preserve these issues for federal habeas review. In his response to the motion for summary judgment, the petitioner argues that his PCR counsel "inadequately represented [him] in his PCR hearing [and] in not filing a 59(e) motion," and he had to rely on his PCR counsel since "South Carolina has a recognized prohibition against hybrid representation" (doc. 31 at 5-6; *see also* doc. 31 at 11-12, 20-24).

In *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012), the United States Supreme Court carved out a "narrow exception" that modified the "unqualified statement in *Coleman*, [*v. Thompson*, 501 U.S. 722, 754-55 (1991)] that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." In *Martinez*, the Court

> read *Coleman* as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the

15

> "ineffective-assistance-of-trial-counsel claim"; and (4) state law
> requires that an "ineffective assistance of trial counsel [claim]
> ... be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 133 S.Ct. 1911, 1918 (2013) (quoting *Martinez*, 132 S. Ct. at 1318-19,

1320-21).  The Court in *Martinez* also noted:

> When faced with the question whether there is cause for an
> apparent default, a State may answer that the
> ineffective-assistance-of-trial-counsel claim is insubstantial, i.e.,
> it does not have any merit or that it is wholly without factual
> support, or that the attorney in the initial-review collateral
> proceeding did not perform below constitutional standards.

132 S. Ct. at 1319.

As the petitioner has not shown that the procedurally-barred claims are

"substantial," meaning that they have some merit, he has failed to show cause for his

procedural default.  With regard to his Ground Two claim that his plea counsel was

ineffective for operating under a conflict of interest because he also represented the

petitioner's co-defendants, the petitioner has not shown his plea counsel's performance

was deficient based on that prior representation.  The petitioner's plea counsel was a

part-time public defender who handled only guilty pleas for the Public Defender's Office.

Cases in that office were assigned to trial attorneys, and the petitioner's plea counsel

interviewed inmates, spoke to prosecutors, and facilitated any plea offers or

recommendations.  The petitioner's case was assigned to Andrea Price, but Mr. Cheek, the

petitioner's plea counsel, met with him several times (app. 122-23). The petitioner's counsel

testified at the PCR hearing that he advised the petitioner that he needed to plead guilty

along with his two co-defendants, Sharon Thomas and Wanda Poole, because they did not

have any records or significant records, and the court was more likely to accept the

recommendation or give similar sentences when all three co-defendants pled guilty

together. However, the petitioner bonded out of jail and did not contact counsel.  He was

subsequently taken into custody in Georgia on another charge. Meanwhile, the pleas of the

two co-defendants went forward with the petitioner's plea counsel representing them. Ms. Thomas received five years suspended to two years, and Ms. Poole received five years suspended to time served (app. 123-24). Counsel testified that the petitioner was agitated when he came back into the jail after his arrest in Georgia, because he knew he had missed the best opportunity to possibly get the same type sentence as his co-defendants. The petitioner attempted to get in contact with Ms. Price, but was unable to do so. Therefore, the petitioner contacted Mr. Cheek and asked him to pursue a deal as his co-defendants received (app. 124-25, 132).

The petitioner had approximately twenty prior convictions on his record, had previously been convicted of property enhancement crimes, and was on probation for property enhancement crimes (app. 31-32). At his guilty plea, the judge made clear that the petitioner had thirteen pending charges involving property crimes with a possible maximum sentence of 130 years (app. 18-19). Prior to his plea, the petitioner signed a consent order on a probation revocation for five years (app. 17-18). The prosecutor made a recommendation that the petitioner plead to five counts of forgery and two counts of petty larceny to run concurrently with each other and his probation revocation. The prosecutor further recommended that the petitioner plead to one count of obtaining money by false pretenses and two counts of receiving stolen goods with a recommendation of a consecutive term of ten years suspended to five years of probation with restitution. The prosecutor would then dismiss the remaining charges (app. 17-18). After hearing the petitioner's criminal record, the judge declined to follow the recommendation and sentenced the petitioner to ten years imprisonment on the receiving stolen goods, obtaining money by false pretenses, petit larceny, and one of the forgery charges, to run concurrently. The petitioner also received ten year sentences on the three remaining forgery charges to run consecutively to the other sentences received and his probation revocation, for an aggregate sentence of forty years (app. 31-35).

The petitioner has not shown counsel's performance was deficient based on his representation of two of the petitioner's co-defendants. "Multiple representation alone is not violative of the Sixth Amendment." *Goins v. State*, 315 S.E.2d 121, 122 (S.C. 1984) (citing *Holloway, et al. v. Arkansas*, 435 U.S. 475 (1978)). The mere possibility of a conflict of interest is insufficient to challenge a criminal conviction. *Langford v. State*, 426 S.E.2d 793, 795 (S.C. 1993). Rather, "[u]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for a claim of ineffective assistance of counsel arising from multiple representation." *Id.* *See Thomas v. State*, 551 S.E.2d 254, 256 (S.C. 2001) (finding actual conflict where counsel represented husband and wife co-defendants, and prosecutor offered plea bargain that would allow charges against one spouse to be dropped if other spouse would plead guilty to the entire amount of cocaine). When counsel is burdened by an actual conflict of interest, a defendant "need not show prejudice due to the inherent seriousness of the breach and the difficulty in 'measur[ing] the precise effect on the defense of representation corrupted by conflicting interests.'" *Salinas v. Cartledge*, C.A. No. 4:07-4149-HFF-TER, 2009 WL 438006, at *11 (quoting *Strickland*, 466 U.S. at 692).

> To obtain relief under this theory, a defendant must demonstrate both (1) an actual conflict of interest - possible or potential conflicts will not satisfy this requirement - and (2) that the conflict significantly affected counsel's performance. If a defendant establishes both of these two elements, prejudice is presumed. If however, a defendant fails to establish either of these two elements, then the conflict of interest claim necessarily fails.

*Id.* at *12 (citing *Mickens v. Taylor*, 240 F.3d 348, 355 (4th Cir. 2001)).

The undersigned finds that the petitioner has failed to show that any potential conflict became an actual conflict that caused counsel to be ineffective. The petitioner argues that his plea counsel "failed to represent [his] rights and it is evident by the facts of this case" (doc. 31-1 at 5). However, the petitioner's only support for this assertion is that

> [T]he record demonstrates that trial counsel assisted [both] co-defendants with a sentence of five years with 5-years probation, and the other with a sentence of two-years and five-years probation. . . . This Court must take notice that this Petitioner was sentenced to a forty-year term of imprisonment with five-years probation to be served after service of the forty-year sentence. . . . Petitioner is of the belief that trial counsel's performance was deficient where he secured lesser sentences for two co-defendants and caused the impression of Petitioner being the initiater [*sic*] or master mind behind this criminal activity; allowed the Treasurer's grandson to not be prosecuted . . . and represented the victim and co-defendants.

(*Id.* at 7-8). The petitioner also points to an argument he had with his plea counsel approximately one year after the plea when Mr. Cheek was in the jail room at the same time as the petitioner. According to counsel's testimony at the PCR hearing, the petitioner was "cat-calling and being very . . . derogatory" to Mr. Cheek, and Mr. Cheek responded, "[Y]eah, I'm going to sell you out for forty-one thousand dollars I make for the Public Defender's Office? I'm going to sell you out for that?" (app. 129).

The PCR court found that Mr. Cheek's testimony "was very credible" (app. 151). With regard to the petitioner's other allegation of a conflict of interest (because Mr. Cheek had previously represented one of the victims, Spartanburg Community Memorial Committee, which will be discussed below), the PCR court found "no improper conduct on behalf of Counsel and in fact, finds that Counsel was a very strong advocate for Applicant at the plea hearing" (app. 151). Specifically, the prosecutor was willing to recommend five years concurrent on all charges to run concurrent with the petitioner's five year probation revocation (app. 150). The PCR court found, "Although the sentence received was substantially different from the recommendation, Counsel advocated for the judge to accept the recommendation" (app. 153). "[A] determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The plea transcript shows that plea counsel strongly argued for the court to accept the

19

recommendation because the petitioner was a pawn in a larger scheme by someone related to an officer of the Committee (app. 28-30). Counsel also informed the plea/sentencing court of the petitioner's willingness to testify against this individual, but the State was unwilling to pursue charges against that person (app. 30). The record also reflects counsel requested and obtained for the petitioner not only credit for his jail time served awaiting trial, but also his jail time served in Georgia after being arrested there on other charges (app. 26-28). Counsel also asked the plea/sentencing court not to extend the jail time beyond the recommendation or the probation revocation. Counsel also made the plea/sentencing court aware that restitution was an issue and following the recommendation would allow the petitioner to get out and pay restitution (app. 30).

Based upon the foregoing, the petitioner has failed to that this claim is substantial, and, therefore, he has failed to show cause for his procedural default Accordingly, this claim is procedurally barred.

As to the Ground Four trial court error claim, *Martinez* does not apply to direct appeal claims and only excuses the procedural bar for a claim of ineffective assistance of trial counsel that PCR counsel was ineffective for not raising at PCR. *See Martinez*, 132 S. Ct. at 1318-20. *See also Ahmed v. Kelly*, No. 1:10cv184 (GBL/TCB), 2012 WL 4717298, at *9 n.2 (E.D. Va. Sept. 25, 2012) ("As this argument asserts an instance of trial court error reviewable on direct appeal, the holding of *Martinez* does not apply, and the claim is procedurally barred from review on the merits). Accordingly, this claim is procedurally barred.

With regard to the Ground Five direct appeal ground that the trial court erred in not sentencing him on all counts as one event, as discussed above, *Martinez* does not apply to such claims. Furthermore, the petitioner has failed to show that the ineffective assistance of plea counsel portion of this ground is meritorious. The South Carolina statute relied upon by the plaintiff provides:

20

**Considering closely connected offenses as one offense.**

> In determining the number of offenses for the purpose of imposition of sentence, the court shall treat as one offense any number of offenses which have been committed at times so closely connected in point of time that they may be considered as one offense, notwithstanding under the law they constitute separate and distinct offenses.

S.C. Code Ann. § 17-25-50. The petitioner's crimes were not one act or series of acts under South Carolina law mandating concurrent sentences. The crimes to which the petitioner pled guilty involved five different victims over a more than three year period (between April 2008 and August 2011) (*see* app. 22-25). *See Bryant v. State*, 683 S.E.2d 280, 284 (S.C. 2009) (finding that three armed robberies committed over three-day period that involved three different victims were not so inextricably connected, and did not share an immediate temporal proximity, such that they could be considered one offense for sentencing purposes). As such, the petitioner has failed to show that his plea counsel's performance was deficient for failing to raise this issue at sentencing or that he suffered prejudice. *See Strickland*, 466 U.S. at 687–94.

### *Actual Innocence*

Lastly, the petitioner has not shown that he is actually innocent of the crimes to which he pled guilty. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Based upon the foregoing, the portion of Ground Two alleging that the petitioner's plea counsel was ineffective because he was operating under a conflict of interest due to his representation of the petitioner's co-defendants, the portion of Ground Four alleging the trial court erred in enhancing the petitioner's sentence, and all of Ground Five are procedurally barred.

***Merits***

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(d), (e).

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant

22

> precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is *de novo. See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA *de novo* standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257–58 (4th Cir. 1999).

To be entitled to relief on an ineffective assistance claim, a petitioner must show that (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that but for counsel's error, the result of that proceeding would have been different. *Strickland*, 466 U.S. at 687–94. *Strickland* does not guarantee perfect representation, only a "'reasonably competent attorney.'" *Id.* at 687 (quoting *McMann v. Richardson*, 397 U. S. 759, 770 (1970)). There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case. *Id.* at 690. With regard to guilty pleas, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The review of ineffective assistance of counsel claims in federal habeas is not simply a new review of the merits; rather, habeas review is centered upon whether the state court decision was reasonable. *See* 28 U.S.C. § 2254(d). Additionally, each step in the review process requires deference—deference to counsel and deference to the state court that previously reviewed counsel's actions:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas

23

> courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal citations omitted).

### *Ground One*

In Ground One, the petitioner claims his plea counsel was ineffective due to a conflict of interest because of counsel's prior representation of the Spartanburg Community Memorial Committee, which was one of the victims of the petitioner's forgery charges (doc. 1-1 at 1). At the PCR hearing, counsel testified that he had no actual conflict of interest as he represented the Committee approximately twenty years before representing the petitioner. He had handled legal paperwork and some fund raising and had no contact with the Committee since that time. Counsel also testified that the Committee did not lose the money from the petitioner's crimes as the bank had reimbursed them. Counsel never represented the bank (app. 127). At the guilty plea, Mr. Cheek noted that he had made the petitioner aware of the "potential conflict" and explained to the judge his involvement with the Committee at the guilty plea/ sentencing (app. 23-24, 28)

The PCR court found that the petitioner failed to prove an actual conflict of interest and that the mere possibility of a conflict of interest is insufficient to challenge a criminal conviction (app. 151 (citing *Langford*, 426 S.E.2d 793)). The PCR judge correctly identified and was properly guided by the *Strickland* standard (app. 152). Thus, the question is one of whether the facts were reasonably determined by the PCR court and supported by the record and whether the test was reasonably applied to those facts. The PCR judge fairly and reasonably credited trial counsel's testimony on this issue (app. 151). Counsel was not actively representing the Committee at the time of his representation of the petitioner and had not had any association with the Committee in approximately twenty

years.   Further, the PCR court reasonably found that Mr. Cheek "was a very strong advocate for [the petitioner] at the plea hearing" (app. 151).   As set forth above, the plea transcript shows that plea counsel strongly argued for the court to accept the recommendation because the petitioner was a pawn in a larger scheme by someone related to an officer of the Committee (app. 28-30). Counsel also informed the plea/sentencing court of the petitioner's willingness to testify against this individual, but the State was unwilling to pursue that individual (app. 30).   Based upon the foregoing, the petitioner has not shown the denial of relief was the result of an unreasonable application of federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.   Accordingly, this ground for relief should be dismissed.

### Ground Two

The only portion of Ground Two that is not procedurally barred is the allegation that the petitioner's plea counsel was ineffective because he previously represented the Spartanburg Community Memorial Committee, one of the victims of the crimes to which the petitioner pled guilty.   That issue has been addressed above, and for these same reasons, this ground should be dismissed.

### Ground Three

In Ground Three, the petitioner asserts his "plea counsel was ineffective for failing to object and move the trial court to enforce the terms and conditions used to induce the petitioner into entering the plea" (doc. 1-1 at 13). The PCR court noted that the petitioner alleged that he signed a legally binding plea agreement with the State; however, the petitioner offered no evidence in support of this claim, and "the record itself directly refuted claims of a plea agreement with the State" (app. 153). As noted by the PCR court (app. 152-53), the petitioner stated at the guilty plea/ sentencing that he understood it was only a sentencing recommendation offered by the prosecutor, and he was facing up to ten

years on each of the thirteen charges, for a total of 130 years (app. 17, 19-20, 84-85, 124-25, 153).   During the PCR hearing, the petitioner also testified that his plea counsel "informed [him] that it was a recommendation and the Judge does not have to accept this recommendation.  But he was telling, he also said, nine times out of ten, Judge Couch is a good Judge.  He usually goes along with the recommendation" (app. 84).  The PCR court noted that plea counsel advocated for the judge to accept the recommendation, but it was within the judge's discretion to not follow the recommendation and impose the forty year aggregate sentence, a fact the petitioner was well aware of based upon the PCR testimony and transcript of the guilty plea (app. 153).  The PCR court further noted that plea counsel testified that he did not make a motion to withdraw the plea because the plea had already been entered, but he did file a notice of appeal on the petitioner's behalf (app. 152-53; *see* app. 128).

        The PCR court pointed out that absent a showing of partiality, prejudice, oppression, or corrupt motive by the sentencing court, or absent a showing that the statutory punishment in and of itself constitutes cruel and unusual punishment, the PCR court has no authority or jurisdiction to review or change a sentence falling within statutory limits (app. 153 (citing *State v. Cogdell*, 257 S.E.2d 748 (S.C. 1979)).  The PCR court found that, while the sentence was substantial, it was "not excessive, as it was within the parameters established by the General Assembly and based upon [the petitioner's] prior record" (app. 153). The court found that the plea was knowingly, intelligently, and voluntarily entered within the mandates of *Boykin v. Alabama*, 395 U.S. 238 (1969) (app. 153-54). The PCR court also properly acknowledged the *Strickland* standard for evaluating claims of ineffective assistance of counsel and further noted that, pursuant to *Hill v. Lockhart*, 474 U.S. 52 (1985), the petitioner was required to show that there is a reasonably probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial (app. 154).  The court noted that "it is clear that the [petitioner] did not become

dissatisfied with Counsel's services until after the judge imposed sentence on [him].  There is no indication that the [petitioner] would have chosen to proceed to trial on these charges, but for some action of Counsel's." Accordingly, the PCR court found that the petitioner failed to meet his burden of proof as to deficiency or prejudice, and thus his claim failed (app. 154).

Here, the PCR court reasonably applied *Strickland* and *Hill* and reasonably determined the facts in light of the evidence presented in the State court proceeding. Accordingly, this ground for relief fails.

### Ground Four

As discussed above, the portion of Ground Four that is not procedurally barred is the allegation that plea counsel was ineffective in failing to inform the petitioner of the sentence enhancement. The prosecutor read the charges at the beginning of the guilty plea/ sentencing, stating that all of them were third or subsequent offenses (app. 16). The plea court informed the petitioner on the record that each charge carried up to ten years for a total of 130 years imprisonment.  The petitioner agreed that he understood (app. 19-20).   On December 17, 2010, a hearing was held on the petitioner's motion for resentencing (app. 37-49). The indictments for the petit larcenies were the only ones that actually stated the offense was third or subsequent and cited South Carolina Code § 16-1-57, which provides that "[a] person convicted of an offense for which the term of imprisonment is contingent upon the value of the property involved must, upon conviction for a third or subsequent offense, be punished as prescribed for a Class E felony" (doc. 25-5 at 57-61).   However, during the hearing, the prosecutor showed the petitioner's sentencing sheets to the court and noted that all of the sentencing sheets showed the enhanced sentencing range of up to ten years (app. 44-45; *see* doc. 25-5 at 42-76). The judge further noted that he had specifically told the petitioner at the plea that he was facing up to ten years on each charge (app. 46).   The judge found that the sentence was

appropriate and denied the motion (app. 47). The petitioner also raised this claim at his PCR hearing (app. 91-92, 110-12, 115-16), but acknowledged that the prosecutor stated at the beginning of the plea that all the charges were third or subsequent offenses (app. 117). Counsel testified that he discussed with the petitioner that the charges were third or subsequent, the petitioner knew he was pleading guilty under the sentencing enhancement statute, and the petitioner had previously been convicted under the sentencing enhancement statute (app. 125, 128-29).

In the order of dismissal, the PCR court considered the following issue: "Applicant then testified that Counsel never talked with him about his charges being enhanced based upon them being a third or subsequent property offense" (app. 152). The PCR court found, "This Court finds the Applicant's testimony as to these issues to lack any credibility. . . . [B]ased upon his prior record, the Applicant was aware of being charged with enhanced offenses" (app. 152). The PCR court found that, based upon the hearing testimony and transcript of the guilty plea, the petitioner was aware that the judge could reject the State's recommendation and could impose a sentence of up to 130 years. Additionally, the PCR court found that the sentence was not excessive based on the petitioner's prior record and the fact that it was within the parameters established by the General Assembly. The PCR court could find no deficiency on behalf of counsel as it related to this issue. Therefore, the court found that the petitioner had failed to meet his burden of proof under *Strickland* and *Hill*, and the claim was denied and dismissed (app. 152-54).

The petitioner has failed to show how the PCR court unreasonably applied United States Supreme Court precedent in deciding this issue. He has also failed to show by clear and convincing evidence that any state court reached an unreasonable determination of the facts, given the evidence and record before the State court. The

petitioner has failed to meet the substantial burden placed on him to show he is entitled to federal habeas relief, and, therefore, this ground should be dismissed.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 26) be granted.  The attention of the parties is directed to the notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

July 6, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

       The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

       Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

       **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).