IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffrey Eugene Jeter, | ) Civil Action No.: 6:14-3658-BHH |
| Petitioner, | ) |
| v. | ) **OPINION AND ORDER** |
| Leroy Cartledge, | ) |
| Respondent. | ) |

The petitioner Jeffrey Eugene Jeter ("the petitioner"), proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2254. (ECF No. 1.) This matter is before the Court on the respondent's motion for summary judgment (ECF Nos. 25, 26). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Kevin McDonald, for pre-trial proceedings and a Report and Recommendation ("Report"). On July 6, 2015, Magistrate Judge McDonald issued a Report recommending that the respondent's motion for summary judgment be granted. (ECF No. 34.) The Magistrate Judge advised the petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. (ECF No. 34 at 30.)

The petitioner was granted two extensions of time to file objections and was specifically advised in the second extension order that his objections "MUST reach the mailroom by September 12th. No further extensions will be granted. Response to Motion due in clerk's office by 9/15/15. The Petitioner mailed objections from the mailroom on September 15, 2015, and they were received in the clerk's office on September 17, 2015, and are considered to be late. (ECF No. 49)

The magistrate judge makes only a recommendation to the district court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the magistrate judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

After a thorough review of the record of this matter, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error. While the Court need not consider the petitioner's late objections, a review of his objections reveal that they do not provide any basis for this Court to deviate from the Magistrate Judge's recommended disposition as the petitioner generally rehashes the same arguments that the Magistrate Judge has already considered and rejected. Because the court agrees with the Magistrate Judge's cogent analysis of those issues, the Court need not discuss them a second time here. Therefore, the Court will overrule the petitioner's objections.    Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 34) by reference into this order

It is therefore ORDERED that the respondent's motion for summary judgment (ECF

No. 26) be GRANTED.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

September 18, 2015
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

-3-